IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| William Mark Brockmeyer, ) | Case No.: 1:23-cv-01645-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Bryan Stirling, *Commissioner, South* ) | |
| *Carolina Department of Corrections*; ) | |
| Kirkland Correctional Institution, ) | |
| ) | |
| Respondents. ) | |

  Petitioner, a state prisoner represented by counsel, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254.  This matter is before the Court on Respondents' motion for summary judgment.  [Doc. 10.]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

  On September 22, 2023, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Respondents' motion for summary judgment be granted.  [Doc. 15.]  The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so.  [*Id.* at 30.]  Petitioner filed objections to the Report on September 26, 2023.[1]  [Doc. 16.]

---

[1] The case was reassigned to the undersigned on February 16, 2024.  [Doc. 20.]

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## **DISCUSSION**

The Magistrate Judge recommends granting Respondents' motion for summary judgment because each of Petitioner's grounds for relief fails on the merits. [Doc. 15.] In his habeas petition, Petitioner raises three grounds for relief, which the Court quotes substantially verbatim:

> 1. Trial counsel was ineffective by his admitted failure to object to inadmissible hearsay that "people had seen [Petitioner] shoot [the decedent]" in a shooting outside of a crowded bar that Petitioner testified was accidental, thereby depriving Petitioner of his Sixth Amendment right to counsel.

2. The trial court's failure to grant Petitioner's motion to enforce a subpoena to a media news outlet to provide the identification of an anonymous commenter whose comment on the news story regarding the shooting supported the defense's position that the shooting was accidental violated Petitioner's rights under the Sixth Amendment's Compulsory Process Clause.

3. The trial judge committed reversible error by permitting the State to use a computer log to establish the chain of custody rather than witnesses subject to cross examination in violation of Petitioner's rights under the Sixth Amendment's Confrontation Clause.

[Doc. 1 at 12, 19, 26 (alterations in original).]

**Ground One**

In analyzing Petitioner's claim that his trial counsel was ineffective in failing to object to inadmissible hearsay, the Magistrate Judge considered the test in *Strickland v. Washington*, 466 U.S. 668 (1984), and the standard under § 2254(d)[2] and concluded that Petitioner had "failed to show the PCR Judge's conclusion that trial counsel's performance was not deficient was an unreasonable application of federal law, particularly *Strickland*, or show by clear and convincing evidence that a factual determination was made incorrectly." [Doc. 15 at 15]; *see Strickland*, 466 U.S. at 687 (establishing that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result). Specifically, the Magistrate Judge noted that the PCR court "relied on South Carolina precedent to determine the statements were not

---

[2] This Court's review of a state court's adjudication of the merits of an ineffective assistance of counsel claim is highly deferential to counsel under *Strickland* and highly deferential to state courts under 28 U.S.C. § 2254(d). *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

3

inadmissible hearsay and, therefore, trial counsel was not ineffective for failing to object." [*Id.*] Because the Magistrate Judge determined that the PCR court's ruling that trial counsel's performance was not deficient was not an unreasonable application of *Strickland* or based on an incorrect factual determination, she further determined that it was "unnecessary to address Petitioner's additional argument that the PCR [court] erred in determining Petitioner was not prejudiced." [*Id.* at 18 n.5.] Finally, the Magistrate Judge concluded that, "[t]o the extent that Ground One challenges a decision based on South Carolina's evidentiary rules and the PCR [court's] analysis based on South Carolina state law, it is not cognizable in a habeas proceeding before this [C]ourt." [*Id.* at 17.]

In his objections, Petitioner asserts that Ground One "does not rest on the PCR court ruling the statement was not inadmissible hearsay," and instead his "argument is that the PCR Court's ruling that trial counsel was not ineffective was an unreasonable application of federal law and an unreasonable determination of the facts because [of] the Court's ruling that the failure to object to the statement was not a deficient performance by trial counsel and because Petitioner could not prove prejudice." [Doc. 16 at 2.] Petitioner contends that the PCR court's ruling was an unreasonable application of *Strickland* and was an unreasonable determination of the facts because the State's case "hinged" on whether Petitioner accidentally or intentionally shot the victim and "[a]llowing this statement in evidence from [the witness] that other unknown persons were saying Petitioner shot [the victim] gave the State's witness more credibility without requiring the State to prove its case by putting these alleged witnesses on the stand to testify before the jury and submit themselves to cross examination." [*Id.* at 2–3.] Thus, Petitioner

4

argues that trial counsel's failure to object to this extremely prejudicial statement was deficient performance that prejudiced Petitioner.[3] [*Id.* at 3.]

Under the Sixth Amendment, Petitioner, as a criminal defendant, had a right to effective assistance of counsel. *Strickland*, 466 U.S. at 686. The Magistrate Judge correctly explained that in a federal habeas claim based on ineffective assistance of counsel, "the question is not whether counsel's actions were reasonable, but whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standards." [Doc. 15 at 11 (internal quotation marks omitted).] As stated, the Magistrate Judge concluded that Petitioner could not show that the PCR court's determination that trial counsel's performance was not deficient was an unreasonable application of *Strickland* or an unreasonable factual determination. [*Id.* at 15.] This Court agrees with the Magistrate Judge's analysis for the reasons stated by the Magistrate Judge. [*Id.* at 11–18.] Accordingly, the Court overrules Petitioner's objection to Ground One.

**Ground Two**

The Magistrate Judge concluded that Petitioner failed to show that the Supreme Court of South Carolina or the PCR court unreasonably applied federal law or made an unreasonable determination of the facts with respect to Petitioner's claim that the trial court violated his Sixth Amendment right to compulsory process by failing to grant his

---

[3] Petitioner also seems to contend that the Magistrate Judge based her decision in part on Petitioner's inability to show prejudice. [Doc. 16 at 1 ("The Magistrate Judge reasoned that Petitioner did not meet his burden because he could not prove with reasonable certainty that the outcome of his trial would have been different had trial counsel objected to this statement from [the witness].") (citing Doc. 15 at 13).] However, as stated, the Magistrate Judge found it unnecessary to reach the question of whether the PCR court erred in determining Petitioner was not prejudiced. [Doc. 15 at 18 n.5.] Nonetheless, much of Petitioner's objection concerning Ground One is based on the prejudice prong of the *Strickland* analysis. [Doc. 16 at 1–3.]

5

motion to enforce a subpoena to a news outlet to provide the identification of an anonymous commenter. [Doc. 15 at 23.] In his objections, Petitioner argues that the state supreme court's and the PCR court's conclusions that Petitioner could have learned the name of the anonymous commenter from the sign-in sheets at the bar were unreasonable determinations of the facts because "the only way to ascertain the name of this anonymous commenter was through the website."[4] [Doc. 16 at 3–4.] Petitioner also asserts that the PCR court's ruling that his argument as to prejudice on this issue was merely speculative is likewise an unreasonable determination of the facts. [*Id.* at 4.]

Here, for the reasons stated by the Magistrate Judge [Doc. 15 at 18–25], Petitioner has not shown that the state supreme court's and the PCR court's conclusions were unreasonable determinations of the facts, particularly where the trial court directed the State to assist the defense in identifying the anonymous poster and then Petitioner failed to re-raise the issue with the trial court or ask the trial court for more assistance. Accordingly, the Court overrules Petitioner's objection to Ground Two.

**Ground Three**

The Magistrate Judge concluded that Petitioner failed to show that the Supreme Court of South Carolina unreasonably applied federal law or made an unreasonable determination of the facts with respect to Petitioner's claim that the trial court violated his Sixth Amendment right to confront the witnesses against him related to the chain of custody of evidence presented. [Doc. 15 at 29.] In his objections, Petitioner argues that

---

[4] As the Magistrate Judge noted [Doc. 15 at 23], Petitioner concedes that "[t]here is not clearly established federal law specifically weighing an anonymous commenter's right to remain anonymous under the First Amendment versus the criminal defendant's right to Compulsory Process under the Sixth Amendment" [Doc. 1 at 24].

6

"where the government chooses to introduce testimony to establish the chain of custody, that testimony must be live." [Doc. 16 at 5 (citing *Melendez-Diaz v. Mass.*, 557 U.S. 305 (2009)).]

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. For the reasons stated by the Magistrate Judge, Petitioner has not shown that the state supreme court's decision was contrary to or an unreasonable application of federal law, particularly where, as the Magistrate Judge noted, he has failed to address extensive case law and analysis by the Supreme Court of South Carolina and arguments by Respondents that admitting the evidence did not violate the Confrontation Clause. [Doc. 15 at 25–29]; *see United States v. Forstell*, 656 F. Supp. 2d 578, 580 (E.D. Va. 2009) (noting that the admission of nontestimonial exhibits without live testimony does not run afoul of the Confrontation Clause). Accordingly, the Court overrules Petitioner's objection to Ground Three.

## CONCLUSION

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Respondents' motion for summary judgment [Doc. 10] is GRANTED and the § 2254 petition [Doc. 1] is DENIED.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(2) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

7

28 U.S.C. § 2253(c). A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

In this case, the Court concludes that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

s/Jacquelyn D. Austin<br>
United States District Judge

Columbia, South Carolina
September 30, 2024